FRITZ V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-089-CR

DANIEL FRITZ APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 1 OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Daniel Fritz attempts to appeal his conviction of assault—family violence.  After the jury found Appellant guilty, the court assessed Appellant’s punishment at 300 days’ confinement and a $500 fine, and placed him on community supervision for eighteen months.  We dismiss the appeal for want of jurisdiction.

Pursuant to rule 26.2 of the rules of appellate procedure, a notice of appeal must be filed within 30 days after the date sentence is imposed, or within 90 days after the date sentence is imposed if the defendant files a timely motion for new trial.  
Tex. R. App. P. 26.2(
a).  Appellant’s sentence was imposed on November 14, 2002.  He filed a timely motion for new trial on December 13, 2002.  Therefore, Appellant’s notice of appeal was due February 12, 2003. 
 
On February 27, 2003, Appellant filed his notice of appeal, which was not accompanied by a motion for extension of time. 
 See
 
Tex. R. App. P.
 26.3.           

On March 18, 2003, we notified Appellant of the apparent untimeliness of the notice of appeal and stated we would dismiss the appeal unless we received a response showing grounds for continuing the appeal.  
See
 
Tex. R. App. P. 
44.3.  Appellant’s response does not address the untimeliness of his notice of appeal.

Because Appellant’s notice of appeal was untimely, we have no jurisdiction over this appeal.  
See Olivo v. State
, 918 S.W.2d 519, 522-23 (Tex. Crim. App. 1996); 
see also Slaton v. State
, 981 S.W.2d 208, 209-10 (Tex. Crim. App. 1998).  Accordingly, we dismiss this appeal for want of jurisdiction.
 

PER CURIAM 

PANEL D: HOLMAN, GARDNER, and WALKER, JJ.

DO NOT PUBLISH 

Tex. R. App. P. 
47.2(b)

DELIVERED: April 17, 2003 

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.